McCAY, J.,
dissenting.
Whilst I concur in the principles of law announced by the Court, in the decision of this case, I am not content with their application of those principles in this case.
At the term of the Court to which the award was returned, the plaintiff in error appeared and filed his objection under oath, as required by the statute, setting up that the award was illegal, because, as the objection says, it was contrary to law, and contrary to evidence. This objection the defendant in error denied; issue was thereupon joined, and the parties went to trial as the statute provides on that issue, to-wit: that the award was contrary to law, and contrary to evidence. The whole evidence produced before the arbitrators was read to the jury, and the jury, under the charge of the Court as to the law, sustained the award; that is, found it was not contrary to the law and the evidence. All this was strictly in conformity to the Code. Everything was done exactly as the law requires, with one exception—the specifications, the objections made to the award, were not under the rules of law, sufficiently specific; they ought to have pointed out why it was contrary to law; they ought to have set out the evidence, so that the Court might, if the other side did not dispute the facts, see that the award was in truth illegal.
But is not this neglect plainly mere matter of pleading? Was it not the duty of the other side to demur? If they saw fit to waive this requirement of the law and join issue on the affidavit as it stood, did they not have a right' so to do ? *375 They *did not demur hut joined issue, went to trial, and having a verdict in their favor are satisfied. They made no point, on the sufficiency of this objection before the Court below, .at all; they make none here; they waived their right to do this below and they waive it here. After the argument had commenced, this Court, of its own motion, perceiving this defect in the pleadings, announced that it did not wish to hear arguments upon the merits of the case, , as it would affirm the judgment, on the ground that the award had never been legally attacked, and the whole trial was therefore illegal.
I am not prepared to say that the judgment of the Court below ought not to be affirmed. I am inclined to think it ought, on the merits, but the parties have not been heard on the question, and I do not feel free to decide the case without a hearing.
I cannot assent to the judgment of affirmance, on the ground taken by the majority of the Court. I do not think this Court has any jurisdiction over any matter which occurs in the Court below, upon which the Judge has made no decision.
I admit this attack upon the award was demurrable. But no demurrer was made, and the Judge below has not either expressly or by implication decided this attack upon the award to be good or bad. By joining issue, the plaintiffs in error1 waived the objection, and by not making the point, they waive it here. Is this Court to step in, overlook all the pleadings in a case, and without any complaint made by either party, right up the pleadings, make them conform to proper rules, and refuse to hear a case for informality in the pleadings in the Court below? Has not a party a right to waive defects in his adversary’s pleadings? Because the law says that no note or bill shall be denied unless under oath, will this Court deny to the plaintiff the right, if he so chooses, to join issue and go to trial on a plea of non est factum, though not under oath? If a bill in equity, plea or declaration be defective, has not the other side a right to waive the defect and go to trial? And is this Court to declare that such waivers shall not be made?
*The successful party in this award might have waived the whole award if he pleased. He might have admitted before the Court that it was illegal and void. .Cannot he consent that it may be attacked without the formalities required by law. In my judgment this is making the rules of pleading of entirely too much importance. If one were tried for his life on a defective indictment and convicted, and a new trial was moved for, because the jury found contrary to evidence, and overruled, and the case was brought to this Court for review, would this Court go behind the judgment and itself make a demurrer to the indictment, or even a motion in arrest of judgment? Surely not. Ought that to *377 be done to sustain an award, which would not be done to save life?
For these reasons, I dissent from the direction the majority of the Court has given to this case, although I do not dissent from the principles announced as the decision of the Court.